RICHARD GINKEL, Plaintiff, v. ROBERT S. ISOLDE [1] et al., Defendants. (Action No. 1.) DANIEL COLANTUONO, Respondent, v. ROBERT S. ISOLDI [E] et al., Appellants. (Action No. 2.) — In consolidated negligence actions to recover damages for personal injuries, defendants appeal, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County, dated January 22, 1970, as granted in part a motion by plaintiff in Action No. 2, i.e., to the extent of permitting him to serve an amended complaint and a sup-

plemental bill of particulars. Order modified, on the law and the facts and in the exercise of discretion, by (1) striking therefrom so much thereof as granted permission to serve an amended complaint; (2) substituting therefor a provision denying such permission, without prejudice to renewal of the application for that relief to the trial court; and (3) striking from item 1 of the supplemental bill of particulars of the plaintiff in Action No. 2 the words: "Because of the defendants' wanton and reckless operation of their motor vehicles, in total disregard of this Plaintiff's safety". As so modified, order affirmed insofar as appealed from, without costs. On this record we believe it was an improvident exercise of discretion to permit an amendment of the complaint to include the words "wantonly" and "wantonness" and to permit an increase of the *ad damnum* from $300,000 to $3,000,000 at this time. We further believe that inclusion of the above-deleted phrase in the supplemental bill of particulars should not have been permitted. Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.